IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TERYL Y. SIMPSON,** | : |
| Plaintiff, | : Case No. 2:05-cv-852 |
| v. | : JUDGE ALGENON L. MARBLEY |
| **AMERICAN ELECTRIC POWER SERVICE CORPORATION,** *et al.*, | : Magistrate Judge Kemp |
| Defendants. | : |

**OPINION AND ORDER**

**I.  INTRODUCTION**

This matter is before the Court on a Motion to Dismiss by Defendants, American Electric Power Service Corporation ("AEP") and Kemper Insurance Company ("Kemper"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants claim that Plaintiff is unable to prevail in this federal action because: (1) her complaint fails to state a claim under the Employee Retirement Income Security Act ("ERISA") because she failed to exhaust her administrative remedies under her employee benefits plan; and (2) her claim of infliction of emotional distress is pre-empted by ERISA.  For the following reasons, Defendants' Motion to Dismiss is **GRANTED**.

**II.  FACTS**

Defendant AEP hired Plaintiff, Teryl Simpson, in 1979 as a Coal Records Clerk.  On July 2, 2001 Plaintiff took leave from work for severe mental depression.  From July 2001 through January 2002, Plaintiff's leave was designated as a disability leave.  On January 2, 2002,

Plaintiff's leave status was changed from disability leave to personal leave. Plaintiff then applied for long term disability benefits. On May 8, 2002, Defendant Kemper, who administers AEP's long term disability plan, notified Plaintiff that her claim was denied. Plaintiff appealed the initial denial of her claim for disability benefits, but Kemper denied her appeal on July 19, 2002. The denial letter described the procedure for an additional, final appeal of Plaintiff's claim to AEP's Long Term Disability Plan Claims Appeal Committee. Plaintiff never made this final administrative appeal.

On September 15, 2005, Plaintiff filed a complaint in federal court (the "Complaint"), alleging that Defendants are liable to her under two legal theories: (1) a violation of 29 U.S.C. § 1132(a)(1)(B) (the "ERISA claim"); and (2) infliction of emotional distress. Defendants filed a Motion to Dismiss the Complaint to which Plaintiff timely responded. Defendants then filed a reply memorandum. Accordingly, this matter is ripe for decision.

### III.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, this Court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. *Windsor v. Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). This Court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)). While the complaint need not specify

every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette*, 41 F.3d at 1064. Though liberal, this standard of review does require more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)(citations omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Scheld v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

## IV. ANALYSIS

Defendants move to dismiss both of Plaintiff's claims on separate grounds. First, Defendants allege that the ERISA claim is inappropriate because Plaintiff failed to exhaust her administrative remedies under her benefits plan. Second, Defendants claim that Plaintiff's infliction of emotional distress is pre-empted by ERISA.

### A. The ERISA Claim

Defendants assert that the ERISA claim fails because Plaintiff failed to exhaust her administrative remedies. While ERISA is silent as to whether exhaustion of administrative remedies is a prerequisite to bringing a civil action, the Sixth Circuit has held that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in a federal court." *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004) (quoting *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)). The rationale underlying the exhaustion requirement is that "review or exhaustion enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries'

actions." *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000) (internal quotation marks, citations, and emphasis omitted); *see also Costantino v. TRW, Inc.*, 13 F.3d 969, 975 (6th Cir. 1994) (listing the purposes of requiring exhaustion of administrative remedies as: "(1) To help reduce the number of frivolous law-suits under ERISA. (2) To promote the consistent treatment of claims for benefits. (3) To provide a nonadversarial method of claims settlement. (4) To minimize the costs of claims settlement for all concerned. (5) To enhance the ability of trustees of benefit plans to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes. (6) To enhance the ability of trustees of benefit plans to correct their errors. (7) To enhance the ability of trustees of benefit plans to interpret plan provisions. (8) To help assemble a factual record which will assist a court in reviewing the fiduciaries' actions."). In this case, it is undisputed that Plaintiff did not file a final administrative appeal with AEP's Long Term Disability Plan Claims Appeal Committee. Instead, she now claims that such an appeal would have been futile.

A party need not exhaust a benefit plan's administrative remedies before filing an ERISA claim in federal court for individual benefits when "resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." *Coomer*, 370 F.3d at 505 (quoting *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998)). "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." *Id*. In order to establish a finding of futility here, Plaintiff must show that her claim will certainly be denied on appeal, not merely that she doubts an appeal will result in a different decision. *See id*.

Plaintiff has not made the requisite showing to establish a finding that exhausting her

benefit plan's administrative procedure would be futile. Plaintiff does not allege that the administrative remedy would be inadequate. Rather, she contends that her appeal would have been futile because she had already submitted all of the information she was required to file in her initial appeal. Plaintiff does not consider, however, that a different decision-making body would address her final administrative appeal. Although Defendant Kemper denied her long term disability claim and rejected her initial appeal, AEP's Long Term Disability Plan Claims Appeal Committee would adjudicate her final appeal. This fact was explained fully to Plaintiff in Defendant Kemper's July 19, 2002 letter to Plaintiff, which is attached to the Complaint as Exhibit 6. Plaintiff never indicates why she is certain her claim for long term disability benefits would be denied by this second adjudicative body.

Plaintiff also asserts, with conclusory language, that "Defendant[1] never, ever, intended to grant her long-term disability request and throughout the course of her dealings with Defendant, Defendant acted in 'bad faith' and was interested more in denying her long-term benefits under the plan than facilitating her recovery." Pl.'s Mem. in Opp'n at 4–5. Later, Plaintiff claims that she "had no reason to believe that she would be treated fairly." *Id*. at 7. Nevertheless, these comments alone are insufficient to establish a finding of futility. *See Fallick*, 162 F.3d at 419 (holding that to establish futility, "[a] plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.").

Because Plaintiff has failed to exhaust her administrative remedies under her benefits plan, and because Plaintiff does not allege sufficient facts to support a finding that resorting to

---

[1] The Court cannot determine whether this is a reference to Defendant AEP or Defendant Kemper.

the plan's administrative procedure would be futile, the Court **GRANTS** Defendants' Motion to Dismiss the ERISA claim.

### B. Infliction of Emotional Distress

Next, Defendants argue that Plaintiff's claim of common law infliction of emotional distress should be dismissed because is pre-empted by ERISA. In the Complaint, Plaintiff alleges that "[t]he Defendants acted either negligently, intentionally, or recklessly and knew or should have known that their actions would result in serious emotional distress." Pursuant to 29 U.S.C. § 1144(a), "the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [governed by ERISA]." In interpreting this statutory provision, the Supreme Court held that "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004). Furthermore, the *Aetna* Court explained that 29 U.S.C. § 1144(a) was intended "to ensure that employee benefit plan regulation would be exclusively a federal concern." *Id*. (internal quotation marks and citation omitted).In that vein, an intentional infliction of emotional distress claim, which arises from the same facts which constitute a violation of ERISA, is pre-empted by ERISA. *Tassinare v. Am. Nat'l Ins. Co.*, 32 F.3d 220, 224–25 (6th Cir. 1994); *see also Marshall v. Ormet Corp.*, 228 F. Supp. 2d 811, 816 (S.D. Ohio 2002) (finding that a plaintiff's intentional infliction of emotional distress claim was pre-empted by ERISA when the claim rested upon distress caused by the non-payment of disability retirement benefits); *Little v. UNUMProvident Corp.*, 196 F. Supp. 2d 659, 671 (S.D. Ohio 2002) (same).

In the Complaint, Plaintiff does not assert additional facts to support her infliction of emotional distress claim. Therefore, the Court finds that Plaintiff's claim of infliction of

emotional distress is based upon the same facts alleged to support the ERISA claim,[2] thereby precluding Plaintiff's claim under ERISA.  *See Tassinare*, 32 F.3d at 224–25.  Thus, the Court must **GRANT** Defendants' Motion to Dismiss Plaintiff's claim of infliction of emotional distress.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is **GRANTED**.  This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: July 27, 2006**

---

[2] Defendants raise the pre-emption issue in its Motion to Dismiss, but Plaintiff never responds to this argument.